THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRAD SANGUINETTI,

    Plaintiff,                                     CASE NO.

v.

CENTRAL CREDIT SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, BRAD SANGUINETTI ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, CENTRAL CREDIT SERVICES, INC. alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in the City of Palm Coast, County of Flagler, State of Florida.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Jacksonville, County of Duval, State of Florida.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls Plaintiff on his cell phone: 386-931-7436.

13. Defendant calls Plaintiff on his work phone: 386-437-3546.

14. Defendant calls Plaintiff from private numbers and 904-562-6655.

15. Plaintiff informed Defendant that he could not receive calls at work and to stop calling him there.

16. Despite this information, Defendant continues to call Plaintiff at work.

17. Defendant calls Plaintiff and does not provide meaningful disclosure of the caller's identity *See* Exhibit A.

18. Defendant did not send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated *§1692c(1)* of the FDCPA by calling Plaintiff at his place of employment, a place known to be inconvenient to Plaintiff.

   b) Defendant violated *§1692c(3)* of the FDCPA by calling Plaintiff at his place of employment despite being informed that Plaintiff cannot receive calls at work.

   c) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

   d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   e) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity by not disclosing its identity when placing calls to Plaintiff.

   f) Defendant violated *§1692e(10)* of the FDCPA by engaging in deceptive means to attempt to collect a debt by calling Plaintiff at his place of employment despite being informed that Plaintiff cannot receive calls at work.

   g) Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid

by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation. *See* Exhibit B.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

21. Declaratory judgment that the Defendant's conduct violated the Federal Act, FDCPA.

22. Actual damages.

23. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

24. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

25. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: __/s/Matthew Kiverts_____
Matthew Kiverts
Krohn & Moss, Ltd
120 W Madison St, 10th Floor
Chicago, IL 60602
Phone: (312) 578-9428 ext. 203
Fax: (866) 431-5576
Attorney for Plaintiff
FBN: 0013143

VERIFIED COMPLAINT                                                                 4

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BRAD SANGUINETTI, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

    Plaintiff, BRAD SANGUINETTI, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, BRAD SANGUINETTI, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8-27-09

                                    BRAD SANGUINETTI,
                                    Plaintiff

# EXHIBIT A

Hi Bradley Sanguinetti, this is Latasha Moore.  Brad, I am calling about an important matter that needs your attention.  Sir, this is not a solicitation.  You can reach me direct at 1800-650-7058, reference file is 4866160.  You may also dial 888-866-6484 for a full disclosure of this file.

Hi Bradley Sanguinetti, this is Latasha Moore.  Brad, I am calling about an important matter that needs your attention.  This is not a solicitation.  You can reach me direct at 1800-650-7058.

# **EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — YES (NO)
7. Chest pains — YES (NO)
8. Feelings of hopelessness, pessimism — YES (NO)
9. Feelings of guilt, worthlessness, helplessness — YES (NO)
10. Appetite and/or weight loss or overeating and weight gain — YES (NO)
11. Thoughts of death, suicide or suicide attempts — YES (NO)
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — (YES) NO
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____
_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8-24-08

Signed Name: Bradley A Sanguinetti

Printed Name: BRADLEY A SANGUINETTI